# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

FILED

Mar 09 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

WILLIAM F. GARLOCK AND
GEORGINA RODRIGUEZ

CR 21-0097 CRB

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. §§ 981(a)(1)(C), 982(a) & 982(b)(1) & 28 U.S.C. § 2461(c) – Forfeiture Allegations

---

A true bill.

/s/ Foreperson of the Grand Jury
                                                       Foreman

Filed in open court this __9th__ day of

__March, 2021__.

Melinda K. Lock          /s/ M Lock
                                                       Clerk

Bail, $ __Summons (Garlock)__
__No Process (Rodriguez)__

/s/ Sallie Kim
Magistrate Judge Sallie Kim

STEPHANIE HINDS (CABN 154284)
Acting United States Attorney

FILED

Mar 09 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM F. GARLOCK,<br>　　and<br>GEORGINA RODRIGUEZ,<br>　　a/k/a Georgina Rodriguez Ramirez,<br>　　a/k/a Gina Rodriguez, and<br>　　a/k/a Georgina Ramirez,<br><br>　　　　Defendants. | CASE NO.   CR 21-0097 CRB<br><br>VIOLATIONS:<br>18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;<br>18 U.S.C. § 1341 – Mail Fraud;<br>18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;<br>18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering;<br>18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. §§ 981(a)(1)(C), 982(a) & 982(b)(1) & 28 U.S.C. § 2461(c) – Forfeiture Allegations<br><br>SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges that, at all times relevant to this Indictment:

<u>Introductory Allegations</u>

　　1.　　The defendant WILLIAM F. GARLOCK ("GARLOCK") was an individual who resided in the Northern District of California, including in Marin County.

　　2.　　The defendant GEORGINA RODRIGUEZ, who also used the names Georgina Rodriguez Ramirez, Gina Rodriguez, and Georgina Ramirez ("RODRIGUEZ"), was an individual who resided in the Northern District of California, including in Alameda County.

　　3.　　GARLOCK and RODRIGUEZ maintained an office located on 29th Street in San

INDICTMENT

Francisco, California.

4. Menlo Capital – 67th Street, LLC ("Menlo Capital/67th Street"), was a California limited liability company. On or about March 14, 2017, GARLOCK and RODRIGUEZ caused Menlo Capital/67th Street's Articles of Organization to be filed with the California Secretary of State. Those articles were signed by RODRIGUEZ as the "organizer" of the entity.

5. 4850 67th Street, LLC ("4850 67th Street"), was a California limited liability company. On or about September 25, 2014, GARLOCK and RODRIGUEZ caused 4850 67th Street's Articles of Organization to be filed with the California Secretary of State, which were signed by RODRIGUEZ as the "organizer" of the entity. On or about February 3, 2017, GARLOCK and RODRIGUEZ caused a Statement of Information to be filed with the California Secretary of State regarding 4850 67th Street. That Statement of Information identified "Gina Rodriguez" as a "manager" or "member" of the LLC and the agent for service of process for the LLC and "Georgina Ramirez" as the LLC's Chief Executive Officer.

6. West Edge Halo, Inc. ("West Edge Halo"), was a California corporation formed in or about April 2014. In or about June 2016, GARLOCK and RODRIGUEZ caused a Statement of Information to be filed with the California Secretary of State listing RODRIGUEZ (under the name "Georgina R. Ramirez") as the corporation's Chief Executive Officer and Secretary and as one of its Directors.

7. Feng 24th, LLC ("Feng 24th"), was a California limited liability company. On or about February 10, 2017, GARLOCK and RODRIGUEZ caused Feng 24th's Articles of Organization to be filed with the California Secretary of State, which were signed by RODRIGUEZ as the "organizer" of the entity.

8. The Articles of Organization filed with the California Secretary of State for Menlo Capital/67th Street, 4850 67th Street, and Feng 24th each listed GARLOCK and RODRIGUEZ's office location on 29th Street in San Francisco as the entity's business address, as did the Statement of Information filed in 2016 with respect to the corporation West Edge Halo.

9. Although GARLOCK's name was not listed in any filings made with the California Secretary of State by Menlo Capital/67th Street, 4850 67th Street, West Edge Halo, or Feng 24th,

1  GARLOCK and RODRIGUEZ each exercised substantial control over the activities, finances, and assets
2  of each of those four entities at all times relevant to this Indictment.

3        10.      2555 Pulgas EPA, LLC ("2555 Pulgas EPA"), was a California limited liability company
4  originally formed in or about October 2001 under the name "RWC Fifth Avenue LLC." In or about
5  August 2005, GARLOCK filed a Certificate of Amendment with the California Secretary of State
6  changing the entity's name to 2555 Pulgas EPA. In or about June 2018, GARLOCK and RODRIGUEZ
7  caused a Statement of Information to be filed with the California Secretary of State listing
8  RODRIGUEZ (under the name "Georgina R. Ramirez") as the company's Manager, agent for service of
9  process, and Chief Executive Officer. Although GARLOCK's name was not listed in any filings made
10 by 2555 Pulgas EPA with the California Secretary of State after 2005, GARLOCK and RODRIGUEZ
11 each exercised substantial control over the activities, finances, and assets of 2555 Pulgas EPA at all
12 times relevant to this Indictment.

Solicitation of Investments from Victims 1, 2, and 3

14       11.      Prior to establishing Menlo Capital/67th Street, on or about March 7, 2017, GARLOCK
15 and RODRIGUEZ, and others known to the Grand Jury, caused two letters bearing that date to be sent
16 through the United States Postal Service. One letter was addressed and mailed to the individual
17 identified in this Indictment as "Victim 1," who resided in San Mateo County. The second letter was
18 addressed and mailed to the individual identified in this Indictment as "Victim 3." Victim 3 resided in
19 Santa Clara County with his spouse, who is identified in this Indictment as "Victim 2."

20       12.      The letters received by Victim 1 and by Victims 2 and 3 bore letterhead reading "Menlo
21 Capital" on one line and "4850 67th Street, LLC" on the next line. The letters, which were signed by
22 RODRIGUEZ, each included an attachment describing the real property that was the subject of the
23 proposed investment: 4850 67th Street, San Diego, California ("67th Street Property"). The attachment
24 explained that the individual identified in this Indictment as "Individual 1" had purchased the property
25 in 2015 and had won a judgment against a non-profit company ("Non-Profit") for its failure to make its
26 lease payments on the 67th Street Property. The summary explained that the total amount of the
27 judgment was approximately $2.5 million, that more than $366,000 had already been paid on the
28 judgment, and that it was expected that the judgment would be paid off within about two years. The

INDICTMENT                                    3

summary explained that, in an effort to remain "very liquid," Individual 1 was "looking to raise funds using this judgement [sic] as collateral, backed up by a $500,000 line of credit . . . ."

13. Victim 1 and Victims 2 and 3 were provided with a private placement memorandum ("PPM") regarding the proposed investment. The introduction of the executive summary of the PPM read in part as follows:

> MENLO CAPITAL – 67th Street, LLC (the "Company") has agreed to make a loan to 4850 67th Street, LLC (the "Borrower") in the amount of up to $1,000,000. . . . As security for the Note, the Borrower shall give the Company a security interest in that judgment (the "Judgment") obtained by Borrower against [Non-Profit] . . . in the original amount of $2,242,263.49. . . .

14. The PPM indicated that Menlo Capital/67th Street was offering investors the opportunity to acquire investment units in the loan intended to be made by Menlo Capital/67th Street to 4850 67th Street. According to the PPM, such investors would be paid interest in the amount of 10% per year.

15. The PPM also contained a section titled "Use of Proceeds." That section stated in part as follows:

> The Company [*i.e.*, Menlo Capital/67th Street] **will fund all amounts invested pursuant to this offering with the Borrower** [*i.e.*, 4850 67th Street]. . . . The Borrower intends to use the proceeds to pay Offering Costs, fund the interest reserve required under the Note, pay operating costs with respect to the San Diego Property, pay Borrower's attorneys' fees and costs arising from obtaining and collecting the Judgment, establish reserves and to distribute to its Members (including [Individual 1]) some of the additional advances made by [Individual 1] to the Borrower." (emphasis added)

16. After receiving the PPM, Victim 1 provided a personal check in the amount of $300,000, which was deposited into Menlo Capital/67th Street's bank account on or about March 16, 2017.

17. After receiving the PPM, Victim 2 provided a personal check in the amount of $200,000, which check was drawn on a joint account held in Victim 2's and Victim 3's names. Victim 2's check was deposited into Menlo Capital/67th Street's bank account on or about April 12, 2017.

The Scheme and Artifice to Defraud

18. Prior to March 2017, GARLOCK and RODRIGUEZ were associated with numerous business endeavors that required capital expenditures or that had significant ongoing expenses. These business endeavors were related to numerous business entities associated with GARLOCK and RODRIGUEZ. In addition to Menlo Capital/67th Street and 4850 67th Street, those business entities included but were not limited to West Edge Halo, Feng 24th, and 2555 Pulgas EPA. The capital and

INDICTMENT                                    4

cash demands arising from all of the business endeavors meant that GARLOCK and RODRIGUEZ regularly faced significant weekly and monthly shortfalls in meeting both business expenses and personal living expenses.

19. In order to meet the capital and cash demands from these business endeavors, and to pay for their own personal living expenses, GARLOCK and RODRIGUEZ devised and participated in devising a plan to solicit investments related to the 67th Street Property in which the representations set out in Paragraphs 12 through 15, and other representations, were made to potential investors, including Victim 1 and Victims 2 and 3.

20. GARLOCK and RODRIGUEZ knew at the time that investments into Menlo Capital/67th Street were solicited that the capital and cash demands of their other business endeavors and their own personal expenses meant that it was unlikely that little of the investments into Menlo Capital/67th Street would actually be loaned to 4850 67th Street or used for purposes related to the 67th Street Property.

21. GARLOCK and RODRIGUEZ knew that Individual 1's association with the investment solicitation would encourage potential investors, including Victim 1 and Victims 2 and 3, to invest funds with Menlo Capital/67th Street for the purpose of Menlo Capital/67th Street loaning those funds to 4850 67th Street.

22. GARLOCK and RODRIGUEZ also knew that the representations regarding 4850 67th Street's entitlement to payment from Non-Profit would encourage potential investors, including Victim 1 and Victim 2 and 3, to invest funds with Menlo Capital/67th Street for that entity to loan those funds to 4850 67th Street.  In truth, GARLOCK and RODRIGUEZ knew at the time that investments into Menlo Capital/67th Street were solicited that little, if any, of the payments on the judgment received by 4850 67th Street from Non-Profit would be set aside to pay back the "loan" that 4850 67th Street received from Menlo Capital/67th Street.  Indeed, in June 2018, 4850 67th Street received more than $1,000,000 originating from Non-Profit as payment on the judgment.  Little of this money was directly used to make principal and interest payments to Menlo Capital/67th Street.  Instead, much of the money was directed to business entities controlled by GARLOCK and RODRIGUEZ, including 2555 Pulgas EPA.  Some of the judgment funds were then used to pay GARLOCK's personal expenses, including

INDICTMENT 5

personal debts, insurance premiums, utility bills, and horse- and polo-related expenses.

23. After depositing Victim 1's and Victim 2 and Victim 3's investments in Menlo Capital/67th Street's bank account, GARLOCK and RODRIGUEZ caused more than $300,000 of those victims' funds to be sent to West Edge Halo's bank account. It was part of the scheme and artifice that GARLOCK and RODRIGUEZ used many or most of those funds for various personal, business, and other expenses, including the following:

    a. Loan payments on multiple business loans;

    b. Rent for GARLOCK in Tiburon, California;

    c. GARLOCK's life and health insurance policies;

    d. Storage center fees for GARLOCK's spouse;

    e. Horse- and polo-related expenses for GARLOCK and/or his spouse;

    f. Utility bills;

    g. Reimbursement payments to RODRIGUEZ; and

    h. Loan to Individual 1's company for the purpose of paying down that company's business line of credit.

24. In order to lull Victim 1 and Victims 2 and 3, to dissuade those victims from requesting the return of their principal, and to encourage the victims to re-invest their principal in the future, GARLOCK and RODRIGUEZ made regular monthly interest payments to Victim 1 and Victims 2 and 3, or caused such payments to be made.

COUNT ONE:      (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud)

25. The factual allegations in Paragraphs 1 through 24 are re-alleged and incorporated herein as if set forth in full.

26. Beginning on a date unknown to the Grand Jury, but by no later than in or about March 2017 and continuing to a date unknown to the Grand Jury, but at least through June 2018, in the

/ / /

/ / /

/ / /

1  Northern District of California, and elsewhere, the defendants,

2  WILLIAM F. GARLOCK
   and
3  GEORGINA RODRIGUEZ,

4  knowingly and willfully conspired and agreed together and with each other to commit an offense against
5  the United States, to wit, mail fraud, in violation of Title 18, United States Code, Section 1341.

6      All in violation of Title 18, United States Code, Section 1349.

8  <u>COUNTS TWO AND THREE</u>:    (18 U.S.C. §§ 1341 & 2 – Mail Fraud and Aiding and Abetting)

9      27.    The factual allegations in Paragraphs 1 through 26 are re-alleged and incorporated herein
10 of as if set forth in full.

11     28.    Beginning no later than in or about March 2017 and continuing to a date unknown to the
12 Grand Jury, but at least through June 2018, in the Northern District of California, and elsewhere, the
13 defendants,

14 WILLIAM F. GARLOCK
   and
15 GEORGINA RODRIGUEZ,

16 did knowingly and with the intent to defraud participate in, devise, and intend to devise a scheme and
17 artifice to defraud investors and potential investors (including Victims 1, 2, and 3) as to a material
18 matter, and to obtain money and property from investors and potential investors (including Victims 1, 2,
19 and 3) by means of materially false and fraudulent pretenses, representations, and promises, and by
20 means of omission and concealment of material facts, which scheme and artifice is summarized in
21 Paragraphs 18 through 24 above.

22 The Use of the Mails

23     29.    On or about the dates set forth in the separate counts below, in the Northern District of
24 California, for the purpose of executing the aforementioned scheme and artifice to defraud Victims 1, 2,
25 and 3, and attempting to do so, the defendants,

26 WILLIAM F. GARLOCK
   and
27 GEORGINA RODRIGUEZ,

28 did knowingly cause to be delivered by the U.S. Postal Service according to the direction thereon mail

INDICTMENT        7

matter containing correspondence addressed to the victims identified below, which correspondence solicited an investment.

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| TWO | 03/07/2017 | Mailing addressed to Victim 1 containing cover letter and attachments describing investment. |
| THREE | 03/07/2017 | Mailing addressed to Victim 3 containing cover letter and attachments describing investment. |

Each in violation of Title 18, United States Code, Sections 1341 and 2.

COUNT FOUR:   (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

30. The factual allegations in Paragraphs 1 through 29 are re-alleged and incorporated herein as if set forth in full.

31. Beginning on a date unknown to the Grand Jury, but by no later than in or about March 2017 and continuing to a date unknown to the Grand Jury, but at least through June 2017, in the Northern District of California, and elsewhere, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

knowingly and willfully conspired and agreed together and with each other to commit an offense against the United States, to wit, money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>Manner and Means of the Conspiracy to Commit Money Laundering</u>

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

32. GARLOCK and RODRIGUEZ caused Victim 1's $300,000 investment check to be deposited into a bank account in Menlo Capital/67th Street's name at California Bank & Trust, which account was numbered ending 9785 ("9785 Account").

33. On or about March 17, 2017, GARLOCK and RODRIGUEZ caused $75,000 of Victim 1's investment to be transferred from the 9785 Account to a bank account in West Edge Halo's name at California Bank & Trust, which account was numbered ending 6457 ("6457 Account").

INDICTMENT                                                      8

34. On or about April 12, 2017, GARLOCK and RODRIGUEZ caused Victim 2 and 3's $200,000 investment check to be deposited into Menlo Capital/67th Street's 9785 Account, along with two $30,000 investment checks from relatives of Victim 2.

35. On or about April 13, 2017, GARLOCK and RODRIGUEZ caused $200,000 to be transferred from the 9785 Account to West Edge Halo's 6457 Account. More than $150,000 of this amount was traceable to the funds that Victims 2 and 3 invested with Menlo Capital/67th Street by virtue of their $200,000 check.

36. On or about April 28, 2017, GARLOCK and RODRIGUEZ caused $115,000 to be transferred from the 9785 Account to West Edge Halo's 6457 Account. More than $30,000 of this amount was traceable to the funds that Victims 2 and 3 invested with Menlo Capital/67th Street by virtue of their $200,000 check.

37. Between April 28, 2017, and June 7, 2017, GARLOCK and RODRIGUEZ caused numerous financial and monetary transactions, including a payment to Individual 1's company for the purpose of paying down that company's business line of credit. These numerous transactions culminated in the purchase of a Certificate of Deposit ("CD") from California Bank & Trust in the name of Feng 24th, which CD was numbered ending 7281.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT FIVE:    (18 U.S.C. §§ 1956(a)(1)(B)(i) & 2 – Money Laundering and Aiding and Abetting)

38. The factual allegations in Paragraphs 1 through 37 are re-alleged and incorporated by reference.

39. On or about April 28, 2017, in the Northern District of California and elsewhere, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the deposit of a check in the amount of $115,000 drawn on Menlo Capital/67th Street's 9785 Account to West Edge Halo's 6457 Account, which involved the proceeds of a specified unlawful

INDICTMENT                                    9

activity, that is, mail fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

<u>FORFEITURE ALLEGATIONS</u>:    (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) & 982(b)(1) & 28 U.S.C. § 2461(c))

40. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a), and 982(b)(1), and Title 28, United States Code, Section 2461(c).

41. Upon conviction for any of the offenses set forth in Counts One through Three of this Indictment, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendants obtained directly and indirectly, as the result of those violations, including but not limited to the following, a forfeiture money judgment in the amount of no less than $500,000.

42. If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

43. Upon conviction for any of the offenses set forth in Counts Four and Five of this Indictment, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to (a) the funds in the Certificate of Deposit ("CD") held in the name of Feng 24th LLC at California Bank & Trust, which Certificate of Deposit has an account numbered ending 7281 and (b) a forfeiture money judgment in the amount of the financial transactions alleged in Counts Four and Five.

44. If, as a result of any act or omission of the defendant, any of said property identified above:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall, pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)(1)), seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: March 9, 2021                    A TRUE BILL.

/s/
_____
FOREPERSON

STEPHANIE HINDS
Acting United States Attorney

KYLE F. WALDINGER
Assistant United States Attorney

INDICTMENT                    11