# Exhibit 3

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6830
    Fax: (415) 436-7234
    Email: Kyle.Waldinger@usdoj.gov

Attorneys for the United States of America

**FILED**
SEP 09 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 18-0418 VC |
|     Plaintiff, | ) PLEA AGREEMENT |
|     v. | ) |
| WILLIAM F. GARLOCK, | ) |
|     Defendant. | ) |

    I, William F. Garlock, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

<u>The Defendant's Promises</u>

    1.    I agree to plead guilty to Counts One and Two of the captioned Superseding Indictment charging me, respectively, with Fraudulent Withholding of Recorded Information in a Bankruptcy Case, in violation of 18 U.S.C. § 152(9), and Fraudulent Concealment of Bankruptcy Assets, in violation of 18 U.S.C. § 152(1).

PLEA AGREEMENT
CR 18-0418 VC

1 I agree that the elements of the offense of Fraudulent Withholding of Recorded Information in a Bankruptcy Case are as follows: (1) a proceeding in bankruptcy existed in which I was the debtor; (2) the bankruptcy trustee was entitled to possession of recorded information consisting of books, documents, records, or papers; (3) I withheld from the trustee the recorded information after the bankruptcy was filed; (4) the recorded information was material and related to my property or financial affairs; and (5) I withheld the documents knowingly and fraudulently, that is, with the intent to deceive.

I agree that the element of the offense of Fraudulent Concealment of Bankruptcy Assets are as follows: (1) a proceeding in bankruptcy existed in which I was the debtor; (2) at least one of the properties or assets described in the Indictment belonged to the bankruptcy estate; (3) I knowingly concealed that property or asset that was part of the bankruptcy estate from the custodian, bankruptcy trustee, marshal, or other officer of the court charged with the custody or control of property, or from creditors or the United States Trustee; and (4) I acted fraudulently, that is, with the intent to deceive the bankruptcy trustee, my creditors, or the United States Trustee.

I agree that the maximum penalties for each of the above offenses are as follows:

| | | |
|---|---|---|
| a. | Maximum prison term | 5 years |
| b. | Maximum fine | $250,000 |
| c. | Restitution | *See* ¶ 9 |
| d. | Maximum supervised release term | 3 years |
| e. | Mandatory special assessment | $100 per felony count |
| f. | Forfeiture | *See* ¶ 11 |

I understand that I am pleading guilty to multiple violations and that the Court may order that my sentence for each violation run consecutively.

2. I agree that I am guilty of the offenses to which I am pleading guilty, and I agree that the following facts are true: On or about March 13, 2012, approximately 17 individuals who had invested money with me or with businesses entities with which I was associated, or who otherwise were my creditors, filed an involuntary petition for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code naming me as the debtor. The petition was filed in the United States Bankruptcy Court for the Northern District of California and was given the number 12-30802. On or about July 9, 2012, the Bankruptcy

PLEA AGREEMENT
CR 18-0418 VC 2

Court entered its Order for Relief, which permitted the petition to go forward and directed that the case be administered under Chapter 7 of the Bankruptcy Code. A private bankruptcy trustee was appointed and added to the case that day. I admit that this bankruptcy trustee was charged with custody and control of the property of the bankruptcy estate. On or about April 27, 2015, the Bankruptcy Court entered a Discharge of Debtor, which discharged me from all debts that arose before the date of the Order for Relief, pursuant to 11 U.S.C. § 727.

     As directed by the Bankruptcy Court, and as required under the Bankruptcy Code, I filed various bankruptcy schedules during the course of bankruptcy case number 12-30802. The schedules included one titled "Schedule A – Real Property" and another titled "Schedule B – Personal Property." On Schedule A, I listed "None," thus claiming that there was no real property in which I had any legal, equitable, or future interest and no real property in which I held rights and powers exercisable for my own benefit. On Schedule B, I listed personal property consisting of cash on hand, bank deposits, clothing, stock and interests in businesses, a promissory note, a judgment, and animals. The "animals" listed in Schedule B were identified as "Horses Liened by Desert Commercial Bank." Schedule B assigned a current value of $0 to those horses. I also filed a Declaration stating under penalty of perjury that Schedule A, Schedule B, and all of the other schedules that I filed were true and correct to the best of my knowledge, information, and belief.

     In truth, at the time that filed my bankruptcy schedules, I resided in a residence located on the "600" block of Patrol Road in Woodside, California. Although this real property was titled in the name of Royal Parking Corporation, I exercised dominion and control over both Royal Parking Corporation and over that real property and could dispose of it as I saw fit. Accordingly, I admit that the Patrol Road property should have been part of the bankruptcy estate being administered by the bankruptcy trustee. At the time that I filed Schedule A, there was at least approximately $495,000 in equity in the Patrol Road property. Furthermore, in addition to the horses referred to in Schedule B, I also owned another horse named Patron. On December 31, 2011, I had made a final $60,000 payment to complete the purchase of Patron from the individual identified here as "J.B." I owned Patron outright, and my ownership was not subject to any liens. Accordingly, I admit that the horse Patron should have been part of the bankruptcy estate being administered by the bankruptcy trustee. At the time that I filed

PLEA AGREEMENT
CR 18-0418 VC                            3

1 | Schedule B, Patron was worth at least approximately $60,000.

2 |     As alleged in Count Two, I admit that I knowingly concealed the Patrol Road property and
3 | Patron from the bankruptcy trustee and the creditors in my bankruptcy case. I also admit that in
4 | concealing these assets I acted fraudulently, that is, with the intent to deceive the bankruptcy trustee and
5 | my creditors.

6 |     On September 5, 2013, attorneys for the bankruptcy trustee filed an *Ex Parte* Application for
7 | Order Under 11 U.S.C. § 521. That filing sought an order from the Bankruptcy Court requiring me to
8 | cooperate with the trustee and surrender to the trustee my records and records of entities to which I had a
9 | legal or equitable interest. The Bankruptcy Court granted the bankruptcy trustee's application and
10 | directed me to cooperate with the trustee. The Bankruptcy Court's order also directed me to surrender to
11 | the trustee all documents regarding certain matters and entities, including documents regarding the
12 | following: (a) Royal Parking Corporation, (b) the property located on the "600" block of Patrol Road in
13 | Woodside, California, (c) the distribution of proceeds from the sale of a parking garage located at 255
14 | 12th Street in San Francisco in December 2011, and (d) 255 12th Street & Kissling LLC (the entity that
15 | had sold the aforementioned parking garage in December 2011).

16 |     On or about September 19, 2013, in response to the Bankruptcy Court's order, I provided the
17 | attorney for the bankruptcy trustee with more than 160 pages of recorded information. Although I
18 | provided the trustee with some documents and other recorded information pertaining to Royal Parking
19 | Corporation, the Patrol Road property, the 12th Street garage, and 255 12th Street & Kissling LLC, I
20 | knowingly withheld and did not provide the trustee with recorded information consisting of several
21 | documents that were material to the issues of whether the Patrol Road property could be considered part
22 | of the bankruptcy estate and whether I had obtained any of the proceeds from the sale of the 12th Street
23 | garage. For example, I knowingly did not provide the trustee with promissory notes that I had signed
24 | showing that I was a joint borrower with 255 12th Street & Kissling LLC on loans pertaining to the 12th
25 | Street garage. One of these promissory notes had identified me as "wholly own[ing]" 255 12th Street &
26 | Kissling LLC. In addition, I knowingly did not provide the trustee with a detailed breakdown of the
27 | distribution of $7,695,737.76 in proceeds generated by the sale of the 12th Street garage, which
28 | breakdown I had previously provided to my accountant. Both the promissory notes and the detailed

PLEA AGREEMENT
CR 18-0418 VC                                           4

1  breakdown were available to me, but I purposefully withheld these documents and did not provide them
2  to the trustee.
3        As alleged in Count One, I admit that the bankruptcy trustee was entitled to the possession of the
4  promissory notes and the detailed breakdown and that these documents related to my property or
5  financial affairs. I also admit that these documents were material to the bankruptcy trustee's inquiry. I
6  admit that, in withholding these documents, I acted fraudulently, that is, with the intent to deceive the
7  bankruptcy trustee.
8        3.    I agree to give up all rights that I would have if I chose to proceed to trial, including the
9  rights to a jury trial with the assistance of an attorney; to confront and cross-examine government
10 witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth
11 Amendment claims; to any further discovery from the government; and to pursue any affirmative
12 defenses and present evidence.
13       4.    I agree to give up my right to appeal my conviction, including constitutional challenges
14 to the statutes of conviction. I agree to give up my right to appeal the judgment and all orders of the
15 Court. I also agree to give up my right to appeal any aspect of my sentence, including any orders
16 relating to forfeiture and/or restitution. I reserve my right to claim that my counsel was ineffective. I
17 understand that this waiver includes, but is not limited to, any and all constitutional or legal challenges
18 to my convictions and guilty pleas, including arguments that the statutes to which I am pleading guilty
19 are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to
20 support my pleas of guilty.
21       5.    I agree not to file any collateral attack on my convictions or sentence, including a petition
22 under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was
23 ineffective. I also agree not to seek relief under 18 U.S.C. § 3582.
24       6.    I agree not to ask the Court to withdraw my guilty pleas at any time after they are
25 entered. In the event I violate any of the terms of the Agreement, I agree that the facts set forth in ¶ 2 of
26 this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court
27 proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any
28 subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive

PLEA AGREEMENT
CR 18-0418 VC                                                  5

1 any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in ¶ 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

      7.    I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also understand that the Court is not bound by the Guidelines calculations below; the Court may conclude that a higher Guidelines range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty pleas. I further agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty pleas. I agree that the Sentencing Guidelines offense level should be calculated as set forth below, and that I will not request a downward departure under the Sentencing Guidelines from that offense level although I reserve the right to seek a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). I understand that the government is free to oppose any such request to the extent that it exceeds the variance agreed to by the government in ¶ 15 of this Agreement. The parties have reached no agreement regarding my Criminal History Category.

    a.    Base Offense Level, U.S.S.G. § 2B1.1(a)(1):    6

    b.    Amount of loss more than $550,000 but not more than $1,500,000, U.S.S.G. § 2B1.1(b)(1)(H):    +14

    c.    Offense involved 10 or more victims (*i.e.*, the creditors and the trustee), U.S.S.G. § 2B1.1(b)(2)(A)(i):    +2

    d.    Offense involved misrepresentation or fraudulent action in a bankruptcy proceeding, U.S.S.G. § 2B1.1(b)(9)(B):    +2

    e.    Acceptance of Responsibility:    -3
If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

    f.    Adjusted Offense Level:    21

      8.    I agree that regardless of any other provision of this Agreement, the government may and

1  will provide the Court and the Probation Office with all information relevant to the charged offenses and

2  the sentencing decision, including Victim Impact Statements. I agree that, based on the nature of the

3  offense, the Court should impose the following special condition of supervised release which is

4  reasonably related to deterrence and rehabilitation:

5  Special Condition (Searches)
   The defendant shall submit his person, residence, office, vehicle, electronic devices and
6  their data (including cell phones, computers, and electronic storage media), and any
   property under defendant's control to a search. Such a search shall be conducted by a
7  United States Probation Officer or any federal, state, or local law enforcement officer at
   any time, with or without suspicion. Failure to submit to such a search may be grounds
8  for revocation; the defendant shall warn any residents that the premises may be subject to
   searches.
9

10       9.      I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am

11  ordered to pay. I agree to pay the special assessment at the time of sentencing.

12       I agree to pay full restitution for all losses caused by all the schemes or offenses with which I

13  was charged in this case, and I understand that the amount of restitution will not be limited to the loss

14  attributable to the counts to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I

15  understand that the Court will not consider my economic circumstances in determining the restitution

16  amount. I agree to pay restitution in an amount to be set by the Court at the time of sentencing, but in no

17  event less than $550,001, but no greater than $1,500,000.

18       Any restitution payments shall be paid through the Office of the Clerk of the District Court by

19  bank or cashier's check or money order made payable to the "Clerk, United States District Court."

20       I understand that the restitution described above creates a lien in favor of the United States on all

21  property and rights to property I may possess upon entry of judgment and continues for the later of 20

22  years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in

23  full. I further understand the government will record a notice of the lien in any county where I reside or

24  have property. I further understand that this order of restitution cannot be discharged in bankruptcy and

25  that if I default on the payment of a fine or restitution, the Court may revoke probation or a term of

26  supervised release, modify the terms or conditions of probation or supervised release, resentence me,

27  hold me in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any

28  other action necessary to obtain compliance.

PLEA AGREEMENT
CR 18-0418 VC                                               7

Within thirty days of the execution of this Plea Agreement, if asked by the Financial Litigation Unit ("FLU") of the United States Attorney's Office, I agree to complete, under penalty of perjury, a financial statement provided by the U.S. Attorney's Office and to update that statement with material changes within seven days of the change. I understand that I must identify all assets and financial interests valued at more than $1,000. I further understand that these assets and financial interests include all assets and financial interests in which I have an interest, direct or indirect, whether held in my own name or in the name of another, in any property, real or personal.

I agree to surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I further agree to notify the FLU before transferring any interest in property owned directly or indirectly by me, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. I also agree to notify the FLU of any interest in property I may obtain, directly or indirectly, which is valued at more than $1,000, and which includes any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of this Plea Agreement until the fine or restitution is paid in full.

I agree that any fine, forfeiture, or restitution imposed by the Court against me will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. I further understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property I receive may be offset and applied to federal debts.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in The Government's

Promises Section below, but I will not be released from my guilty pleas.

11. If the defendant pleads to a count to which forfeiture applies: I agree to forfeit my interest in the following property (hereinafter "subject property"):

    a. A horse, identified as "Patron," now located in Petaluma, California;

I admit that the subject property was proceeds of the offenses to which I am pleading guilty, and thus is forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853. I relinquish any and all right, title, and interest I may have in the subject property and agree that such right, title, and interest can be forfeited to the United States without further notice to me. I also agree I will not contest any administrative or judicial forfeiture proceeding (whether criminal, civil, state or federal) that may be brought against said property. I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment or that the forfeiture proceeding was brought in violation of the statute of limitations.

I agree that I personally obtained and acquired at least $550,001 in criminal proceeds from the violations in Counts One and Two to which I am pleading guilty and I agree to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment"). I admit that the Forfeiture Money Judgment constitutes proceeds from Counts One and Two and thus is forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853. I admit that because of my own acts or omissions, except for the horse Patron, most of the proceeds I originally obtained cannot be located upon the exercise of due diligence or have been placed beyond the jurisdiction of the Court. As such, I agree that the procedures set forth in 21 U.S.C. § 853(p)(2) are applicable.

I agree I will not contest any forfeiture proceeding that may be brought pursuant to this Agreement. I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this

PLEA AGREEMENT
CR 18-0418 VC                                                                 9

Agreement on any ground, including that the forfeiture constitutes an excessive fine or punishment or that the forfeiture proceeding was brought in violation of any statute of limitations.

I agree to make payment to the United States of the entire amount of the Forfeiture Money Judgment. I agree that all payments I make towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the "United States" and sent by overnight delivery to the Chief of the Asset Forfeiture Unit, 450 Golden Gate Ave, 11th Floor, San Francisco, CA 94102, with the criminal docket number noted on the face of the check. I agree to assist fully the government in effecting the payment of the Forfeiture Money Judgment.

12. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

13. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

14. The government agrees not to file any additional charges against the defendant related to the bankruptcy proceeding referenced in Paragraph 2 that could be filed as a result of the investigation that led to the captioned Superseding Indictment.

15. The government agrees to recommend the Guidelines calculations set out in ¶ 7 above and to recommend a sentence of no more than 30 months' imprisonment in the Bureau of Prisons, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

The Defendant's Affirmations

16. I agree that my participation in the District Court's Conviction Alternative Program is not appropriate and that I will not request to be considered for and will not participate in that program as a result of my convictions for these offenses.

17. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

18. I confirm that while I considered signing this Agreement, and at the time I signed it, I

was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

19. I confirm that my decision to enter guilty pleas is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 9/9/19

WILLIAM F. GARLOCK
Defendant

DAVID L. ANDERSON
United States Attorney

Dated: 9/9/2019

KYLE F. WALDINGER
Assistant United States Attorney

20. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: 9/9/19

DANIEL OLMOS
Attorney for Defendant

PLEA AGREEMENT
CR 18-0418 VC

11