# Exhibit 8

Thomas S. Slovak, Esq., SBN 062815
Brent S. Clemmer, SBN 179722
SLOVAK BARON & EMPEY LLP
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Telephone (760) 322-2275 / Facsimile (760) 322-2107
Email: Clemmer@sbelawyers.com

Attorneys for Plaintiff DESERT COMMERCIAL BANK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE – INDIO BRANCH

DESERT COMMERCIAL BANK, a State
Chartered Bank,

              Plaintiff,

v.

KARLO, LLC a Delaware Limited Liability
Company; and DOES 1 through 200, inclusive,

              Defendants.

Case No. **INC 083471**
Assigned for all purposes to the Honorable
John Evans, Dept. 1C

**STIPULATION FOR ENTRY OF
JUDGMENT FOR FRAUD**

     This Stipulation for Entry of Judgment is entered into as of the _____ of May 2009, by and between Plaintiff Desert Commercial Bank ("Plaintiff"), on the one hand, and Defendant Karlo, LLC ("Defendant"), on the other hand, and is made with reference to the following facts and recitals:

     WHEREAS, on or about September 25, 2008, William F. Garlock and Rosemarie A. Garlock (collectively "Garlocks'), as borrowers, and Plaintiff, as lender, entered into a Loan Agreement. The Loan Agreement restructured earlier lines of credit/loans which were then in default and caused a new, single loan to occur upon the terms and subject to the conditions set forth in the Loan Agreement.

1

1     WHEREAS, on or about September 25, 2008, Garlocks, for valuable consideration,

2    pursuant to the Loan Agreement, executed and delivered to Plaintiff, in Palm Desert, California

3    a Secured Promissory Note ("Note") in the original principal amount of $2,007,053.00.  The

4    Note provided that Borrower was to make equal monthly installments of principal and all

5    accrued interest in the amount of $40,216.06.  The initial payment under the Note was to be

6    made on or before the 25th day of October, 2008, with equal monthly payments on the same day

7    on each and every month thereafter until the maturity date of the Loan which was September

8    25, 2013, unless the maturity date was accelerated as provided in the Note.  (Hereinafter, the

9    obligations of Garlocks pursuant to the Loan Agreement and Note shall be collectively referred

10    to as the "Loan")

11     WHEREAS, on or about September 25, 2008, for valuable consideration, William F.

12    Garlock as President of Defendant Karlo, LLC, on behalf of Karlo executed a commercial

13    Guaranty in favor of Plaintiff which instrument constitutes Karlo's guarantee of completion and

14    performance of all obligations of Garlocks as borrowers under the Loan above-described.

15     WHEREAS, Garlocks failed to make their first monthly interest payment due on or about

16    September 25, 2008, have failed to make each monthly payment thereafter, and are in default

17    under the Loan.

18     WHEREAS, Defendant Karlo LLC, is in default of the Guaranty.

19     WHEREAS, the principal balance of $2,007,053.00 remains outstanding together with

20    interest accrued through April 30, 2009, of $149,453.90, and continuing to accrue interest at the

21    default rate of twelve and one-half percent (12.5%) per annum, or $735.23 per diem.  Late

22    charges in the amount of $100,352.65, following Lender's acceleration of the Loan.  Lender has

23    incurred costs through April 30, 2009, in an amount reasonably estimated to be $50,000 and

24    attorney's fees in the approximate amount of $170,000.00 in connection with collection efforts.

25    The full statement of amounts currently due and owing are set forth in Exhibit "A" attached

26    hereto and incorporated herein by reference.

27     WHEREAS, Defendants also admit that the Loan was in fact obtained by false pretenses

28    and representations by Garlocks, as borrower, and Defendant Karlo, LLC, as guarantor

2

1    (collectively referred to herein as "Debtor").  Specifically, the Loan was obtained by use of a
2    statement in writing respecting the Debtor's financial condition and the condition of certain
3    collateral given Lender for the Loan that was materially false, upon which credit was reasonably
4    extended by Lender and for which the Debtor is liable.  Debtor caused such false statements to
5    be made and published with intent to deceive Lender, and such conduct did constitute willful and
6    malicious injury to Lender.  The foregoing acts of Debtor give rise to Lender's claims for fraud,
7    punitive damages and to obligations contained herein, including the Judgment for Fraud
8    referenced below, which Defendants agree are not dischargeable in bankruptcy.

9           WHEREAS, on or about January 22, 2009, Plaintiff filed a Complaint against
10   Defendants for Breach of Guaranty and Fraud entitled *Desert Commercial Bank v. Karlo, LLC*
11   *et. al*. Riverside County Superior Court Case No. INC 083471 ("Lawsuit");

12          WHEREAS, the Parties now wish to settle the Lawsuit and have executed concurrently
13   herewith a written Forbearance Agreement (the "Forbearance Agreement"), a true and correct
14   copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference;

15          WHEREAS, the Forbearance Agreement provides, *inter alia*, that an Absolute Default
16   occurs if an Event of Default [i.e. default of any provision in the Forbearance Agreement or Loan
17   Documents (as that term is defined in the Forbearance Agreement)] is not cured within ten (10)
18   calendar days from the date Notice of the Event of Default is faxed to Defendants' counsel,
19   George Eshoo.

20          WHEREAS, the Forbearance Agreement further provides that upon the occurrence of an
21   Absolute Default of any provision of the Forbearance Agreement or Loan Documents that
22   Plaintiff shall be entitled to a Judgment for Fraud against Defendant, in the amount of the total
23   sum of the following: all of the principal amount outstanding, accrued unpaid interest thereon,
24   outstanding late fees, costs and attorneys' fees (including, but not limited to, reasonable
25   attorneys' fees incurred by Lender in obtaining the judgment).

26   ///
27   ///
28   ///

3

**IT IS HEREBY STIPULATED AND AGREED as follows:**

1.     The above stated facts and recitals are expressly made a part of this Stipulation.

2.     Upon the occurrence of an Absolute Default, Plaintiff shall be entitled to immediate entry of Judgment for Fraud against Defendant Karlo LLC, in the amount of the total sum of the following: all of the principal amount outstanding, accrued unpaid interest thereon, outstanding late fees, costs and attorneys' fees (including, but not limited to, reasonable attorneys' fees incurred by Lender in obtaining the judgment) ("Indebtedness").

(a)     Plaintiff shall be entitled to enter this Judgment for Fraud against Defendant by filing an Ex Parte Application for Entry of Judgment, and upon a showing by Declaration that an Absolute Default has occurred and the amount of the Indebtedness.

(b)     Plaintiff shall provide Defendant with notice of the foregoing Ex Parte Application in accordance with California Rules of Court, Rule 3.1203, and Defendant agrees that said Notice may be provided via facsimile to their attorney, George Eshoo at fax number (650) 364-3054.

(c)     Defendant waives the right to contest, challenge or oppose Plaintiff's Ex Parte Application for Entry of Judgment and/or Entry of Judgment in connection therewith.

(d)     Defendant agrees that the Court shall enter Judgment for Fraud consistent with the terms of the Forbearance Agreement, this Stipulation and in substantially the form of Exhibit "C" attached hereto and incorporated herein by this reference.

(e)     Said Judgment shall be entered and become final for all purposes upon entry thereof and Defendant expressly waives any right to appeal.

///
///
///

4

1   IT IS SO STIPULATED AND AGREED:

2                                        KARLO, LLC

3   DATED: 5/8/2009

4                                        _____
                                         William F. Garlock, President

5

6                                        DESERT COMMERCIAL BANK

7   DATED: _____

8                                        _____
                                         James Nelson
9                                        Vice President and Commercial Loan Officer

10          ACCEPTED AS TO FORM AND CONTENT

11

12                                       SLOVAK BARON & EMPEY, LLP

13

14  DATED: 12-07-09

15                                       Thomas S. Slovak, Esq.
                                         Attorney for Plaintiff Desert Commercial Bank

16

17                                       GEORGE ESHOO, ESQ

18  DATED: 5/7/2009

19                                       George Eshoo, Esq.
                                         Attorney for Defendant Karlo, LLC

20

21  IT IS SO ORDERED.

22

23

24  DATED: _____
                                         _____
25                                       Judge of the Superior Court

26

27

28

                             5

1  Thomas S. Slovak, Esq., SBN 062815
2  Brent S. Clemmer, SBN 179722
   SLOVAK BARON & EMPEY LLP
3  1800 East Tahquitz Canyon Way
   Palm Springs, California 92262
4  Telephone (760) 322-2275 / Facsimile (760) 322-2107
   Email: Clemmer@sbelawyers.com
5
6  Attorneys for Plaintiff DESERT COMMERCIAL BANK
7
8                    SUPERIOR COURT OF CALIFORNIA
9                 COUNTY OF RIVERSIDE – INDIO BRANCH
10

11  | DESERT COMMERCIAL BANK, a State Chartered Bank, | Case No. **INC 083474** |
    |---|---|
12  |  | Assigned for all purposes to the Honorable John Evans, Dept. 1C |
13  |         Plaintiff, |  |
14  | v. | **STIPULATION FOR ENTRY OF JUDGMENT FOR FRAUD** |
15  | WILLIAM F. GARLOCK, an Individual; ROSEMARIE A. GARLOCK, an Individual; and DOES 1 through 200, inclusive, |  |
16  |  |  |
17  |  |  |
18  |         Defendants. |  |

19
20      This Stipulation for Entry of Judgment is entered into as of the _____ of May 2009, by
21  and between Plaintiff Desert Commercial Bank ("Plaintiff"), on the one hand, and Defendants
22  William F. Garlock and Rosemarie A. Garlock ("Defendants"), on the other hand, and is made
23  with reference to the following facts and recitals:
24      WHEREAS, on or about September 25, 2008, Defendants, as borrowers, and Plaintiff,
25  as lender, entered into a Loan Agreement.  The Loan Agreement restructured earlier lines of
26  credit/loans which were then in default and caused a new, single loan to occur upon the terms
27  and subject to the conditions set forth in the Loan Agreement.
28  ///

                                    1

1    WHEREAS, on or about September 25, 2008, Defendants, for valuable consideration,
2    pursuant to the Loan Agreement, executed and delivered to Plaintiff, in Palm Desert, California
3    a Secured Promissory Note ("Note") in the original principal amount of $2,007,053.00.  The
4    Note provided that Borrower was to make equal monthly installments of principal and all
5    accrued interest in the amount of $40,216.06.  The initial payment under the Note was to be
6    made on or before the 25th day of October, 2008, with equal monthly payments on the same day
7    on each and every month thereafter until the maturity date of the Loan which was September
8    25, 2013, unless the maturity date was accelerated as provided in the Note.  (Hereinafter, the
9    obligations of Garlocks pursuant to the Loan Agreement and Note shall be collectively referred
10   to as the "Loan")

11    WHEREAS, Defendants failed to make their first monthly interest payment due on or
12   about September 25, 2008, have failed to make each monthly payment thereafter, and are in
13   default under the Loan.  The principal balance of $2,007,053.00 remains outstanding together
14   with interest accrued through April 30, 2009, of $149,453.90, and continuing to accrue interest at
15   the default rate of twelve and one-half percent (12.5%) per annum, or $735.23 per diem.  Late
16   charges in the amount of $100,352.65, following Lender's acceleration of the Loan.  Lender has
17   incurred costs through April 30, 2009, in an amount reasonably estimated to be $50,000 and
18   attorney's fees in the approximate amount of $170,000.00 in connection with collection efforts.
19   The full statement of amounts currently due and owing are set forth in Exhibit "A" attached
20   hereto and incorporated herein by reference.

21    WHEREAS, Defendants also admit that the Loan was in fact obtained by false pretenses
22   and representations by Defendants, as borrower, and Karlo, LLC, as guarantor (collectively
23   referred to herein as "Debtor").  Specifically, the Loan was obtained by use of a statement in
24   writing respecting the Debtor's financial condition and the condition of certain collateral given
25   Lender for the Loan that was materially false, upon which credit was reasonably extended by
26   Lender and for which the Debtor is liable.  Debtor caused such false statements to be made and
27   published with intent to deceive Lender, and such conduct did constitute willful and malicious
28   injury to Lender.  The foregoing acts of Debtor give rise to Lender's claims for fraud, punitive

2

FFB-0000432

1   damages and to obligations contained herein, including the Judgment for Fraud referenced
2   below, which Defendants agree are not dischargeable in bankruptcy.

3       WHEREAS, on or about January 22, 2009, Plaintiff filed a Complaint against
4   Defendants for Breach of Contract on Promissory Note, Money Lent (Common Count), and
5   Fraud entitled *Desert Commercial Bank v. William F. Garlock and Rosemarie A. Garlock, et.*
6   *al.* Riverside County Superior Court Case No. INC 083474 ("Lawsuit");

7       WHEREAS, the Parties now wish to settle the Lawsuit and have executed concurrently
8   herewith a written Forbearance Agreement (the "Forbearance Agreement"), a true and correct
9   copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference;

10      WHEREAS, the Forbearance Agreement provides, *inter alia*, that an Absolute Default
11  occurs if an Event of Default [i.e. default of any provision in the Forbearance Agreement or Loan
12  Documents (as that term is defined in the Forbearance Agreement)] is not cured within ten (10)
13  calendar days from the date Notice of the Event of Default is faxed to Defendants' counsel,
14  George Eshoo.

15      WHEREAS, the Forbearance Agreement further provides that upon the occurrence of an
16  Absolute Default of any provision of the Forbearance Agreement or Loan Documents that
17  Plaintiff shall be entitled to a Judgment for Fraud against Defendants, jointly and severally, in the
18  amount of  the total sum of the following: all of the principal amount outstanding, accrued
19  unpaid interest thereon, outstanding late fees, costs and attorneys' fees (including, but not
20  limited to, reasonable attorneys' fees incurred by Lender in obtaining the judgment).

21      **IT IS HEREBY STIPULATED AND AGREED as follows:**

22      1.      The above stated facts and recitals are expressly made a part of this Stipulation.

23      2.      Upon the occurrence of an Absolute Default by Defendants, or either of them,
24  Plaintiff shall be entitled to immediate entry of Judgment for Fraud against Defendants, jointly
25  and severally, in the amount of the total sum of the following: all of the principal amount
26  outstanding, accrued unpaid interest thereon, outstanding late fees, costs and attorneys' fees
27  (including, but not limited to, reasonable attorneys' fees incurred by Lender in obtaining the
28  judgment) ("Indebtedness").

3

FFB-0000433

1          (a)      Plaintiff shall be entitled to enter this Judgment for Fraud against
2    Defendants by filing an Ex Parte Application for Entry of Judgment, and upon a showing
3    by Declaration that an Absolute Default has occurred and of the amount of the
4    Indebtedness.

5          (b)      Plaintiff shall provide Defendants with notice of the foregoing Ex Parte
6    Application in accordance with California Rules of Court, Rule 3.1203, and Defendants
7    agree that said Notice may be provided via facsimile to their attorney, George Eshoo at
8    fax number (650) 364-3054.

9          (c)      Defendants waive the right to contest, challenge or oppose Plaintiff's Ex
10   Parte Application for Entry of Judgment and/or Entry of Judgment in connection
11   therewith.

12         (d)      Defendants agree that the Court shall enter Judgment for Fraud
13   consistent with the terms of the Forbearance Agreement, this Stipulation and in
14   substantially the form of Exhibit "C" attached hereto and incorporated herein by this
15   reference.

16         (e)      Said Judgment shall be entered and become final for all purposes upon
17   entry thereof and Defendants expressly waive any right to appeal.

18   **IT IS SO STIPULATED AND AGREED:**

20   DATED: 5/8/2009

21         Defendant William F. Garlock

22   DATED: 5/8/2009

23         Defendant Rosemarie A. Garlock

25   **DESERT COMMERCIAL BANK**

27   DATED: 5/9/09

28         James Nelson
      Vice President and Commercial Loan Officer

4

FFB-0000434

1

2                    **ACCEPTED AS TO FORM AND CONTENT**

3

4                                          **SLOVAK BARON & EMPEY, LLP**

5

6    DATED: *12-07-05*                     _____
                                           Thomas S. Slovak, Esq.
7                                          Attorney for Plaintiff Desert Commercial Bank

8

9                                          **GEORGE ESHOO, ESQ**

10   DATED: 5/7/2009                       _____
                                           George Eshoo, Esq.
11                                         Attorney for Defendants William F. Garlock and
                                           Rosemarie A. Garlock
12

13

14   **IT IS SO ORDERED.**

15

16   DATED: _____               _____
                                           Judge of the Superior Court
17

18

19

20

21

22

23

24

25

26

27

28

                                           5

FFB-0000435