1  DAVID W. RIZK - CABN # 284376
2  2261 Market Street, Suite 5947
   San Francisco, CA 94114
3  Telephone:    (415) 436-7700
   Email:        David_Rizk@fd.org
4

5  Counsel for Defendant GARLOCK

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10

11 UNITED STATES OF AMERICA,           Case No.: CR 21-097 CRB

12         Plaintiff,                  MOTION RE: SENTENCING
                                       DISCLOSURES AND HEARING AND
13      v.                             [PROPOSED] ORDER

14 WILLIAM GARLOCK,

15         Defendant.

16

17     Defendant William Garlock is scheduled to be before the Court on Friday, March 15, 2024. The
18 defense requests a brief two-week continuance due to recent developments and disclosures by the
19 government since Friday, March 8, 2024, the date that sentencing memoranda were due.
20     The government is recommending a 44-month sentence for this 73-year old defendant, who,
21 with the Court's permission, plead no contest to all charges because of his memory and cognitive
22 limitations. By contrast, the government is recommending no custody for Mr. Garlock's co-defendant
23 Gina Rodriguez. In an effort to distinguish between the two co-defendants, the government adopted
24 and successfully advocated to U.S. Probation inconsistent positions on the applicable Guidelines. Mr.
25 Garlock seeks disclosure of this record because it is mitigating as to his sentence.
26     By way of background, the government charged Ms. Rodriguez first with the 2017 scheme, and
27 later added Mr. Garlock, and then added additional charges from 2019 for both defendants. All of the
28 current, superseding charges were filed against both co-defendants equally. After Mr. Garlock plead

no contest but (critically) before Ms. Rodriguez changed her plea, and while she was still headed to trial, the government wrote a letter to U.S. Probation for Mr. Garlock's PSR, accusing both co-defendants of all of the relevant conduct in the case, consistent with its charging position. Then the government negotiated a Rule 11(c)(1)(C) plea agreement with Ms. Rodriguez that permitted her to plead guilty to a small subset of the charges related to the 2019 scheme. Apparently to justify the no custody sentencing recommendation, the government claimed that Mr. Garlock and Ms. Rodriguez were responsible for different loss amounts under § 2B1.1(b)(1), and that only Mr. Garlock was responsible for "substantial financial hardship" under § 2B1.1(b)(2)(a)(iii), even though the relevant conduct is all the same.

At every prior stage, the government maintained that both co-defendants were responsible for all the charged conduct, however. There is no new evidence now, and thus there are no factual grounds for any difference in the Guidelines related to the loss amount between the two defendants, and the government is unable to articulate any. The only rationale provided for this irregular arrangement from the government is that Mr. Garlock effectively admitted to all charges in the superseding indictment, whereas Ms. Rodriguez only plead guilty to two charges. Relevant conduct does not turn on the scope of a defendant's criminal liability, however, or even if it is charged at all. U.S.S.G. § 1B1.3 (Relevant Conduct), App. Note 1. Rather, exposure under the Guidelines for relevant conduct turns on the concept of "jointly undertaken criminal activity," which is defined therein, and turns entirely on the facts. *Id.* § 1B1.3(a)(1)(B).

After the defense objected that the Guidelines in Mr. Garlock's PSR were inconsistent with those in Ms. Rodriguez's plea agreement, the government sent U.S. Probation a response claiming that the scope of admitted liability mattered, not relevant conduct. U.S. Probation copied and pasted the government's incorrect argument into Mr. Garlock's PSR without further analysis or any attempt to address the facts, including the "substantial financial hardship" enhancement, in particular. Until earlier today, however, undersigned defense counsel was not aware that (1) the government may have provided different information to U.S. Probation about the offense conduct for Ms. Rodriguez, and (2) U.S. Probation actually *included* the "substantial financial hardship" enhancement in Ms. Rodriguez's PSR, prompting the government to object and prevail on the probation officer that it

should be removed. Defense counsel here simply seeks an opportunity to review this record and marshal it in support of Mr. Garlock's sentencing recommendation, as appropriate.

Accordingly, pursuant to *Brady* and Federal Rule of Criminal Procedure 16, defense counsel therefore requests disclosure of: (1) all of the government's communications and representations to U.S. Probation related to the Offense Conduct and Guidelines section of Ms. Rodriguez's PSR, including the objection letter it sent concerning the "substantial financial hardship"; and (2) excerpts of the Offense Conduct and Guidelines section of Ms. Rodriguez's draft and final PSR. To be clear, the defense does not seek any private or sensitive personal information concerning Ms. Rodriguez and would agree to a protective order if necessary. Defense counsel met and conferred with Ms. Rodriguez's counsel, and she does not object to disclosure of limited information related only to the Conduct and Guidelines section of her PSR. In response to the defense's requests for additional information, the government promptly disclosed today what it believed to be responsive materials, including discovery and letters to U.S. Probation, but not excerpts of Ms. Rodriguez's PSR, which requires the sentencing judge's consent.

Finally, Mr. Garlock seeks a short continuance on his sentencing of two weeks to permit defense counsel to review these materials and address them in his sentencing memorandum. Ms. Rodriguez's counsel conveyed the request that she prefers for her sentencing to proceed, as scheduled, on Friday, March 15, 2024, and Mr. Garlock has no objection to that request. The government, however, opposes any continuance on sentencing for Mr. Garlock.

Dated:   March 11, 2024               Respectfully submitted,


                                           /S
                                      _____
                                      DAVID W. RIZK
                                      Counsel to Mr. Garlock

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> WILLIAM GARLOCK, <br> Defendant. | Case No.: CR 21-097 CRB <br><br> [PROPOSED] ORDER |

Pursuant to the defendant's motion and for the reasons stated therein, the government is ordered to disclose to defense counsel for Mr. Garlock: (1) all of the government's communications and representations to U.S. Probation related to the Offense Conduct and Guidelines section of Ms. Rodriguez's PSR, including the objection letter it sent concerning the "substantial financial hardship" enhancement; and (2) excerpts of the Offense Conduct and Guidelines section of Ms. Rodriguez's draft and final PSR.

Mr. Garlock's sentencing hearing on March 15, 2024, shall be briefly continued and reset at a time convenient for the Court.

IT IS SO ORDERED.

_____   _____
Dated                                    CHARLES BREYER
                                         Senior United States District Judge