ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6830
    Email: Kyle.Waldinger@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM GARLOCK and GEORGINA RODRIGUEZ,<br><br>    Defendants. | Nos.   CR 21-00097 CRB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION RE: SENTENCING DISCLOSURES AND HEARING**<br><br>Sentencing Date:   March 15, 2024<br>Hearing Time:   9:30 a.m.<br>Court:   Hon. Charles R. Breyer |

    The defendant William Garlock has filed a motion for sentencing disclosures and has requested that his sentencing hearing be continued. Dkt. 103.

    As an initial matter, the government believes that the defendant Garlock had more than sufficient information to prepare for sentencing prior to March 8, 2024, when his sentencing memorandum was due, and prior to March 11, 2024, when the United States provided the defense with additional materials it requested. For these reasons, the government objected to counsel's request for a continuance of the defendant Garlock's sentencing hearing.

    That being said, the government recognizes that the defense has failed to file a sentencing memorandum, which the Court needs to appropriately impose sentence in this case.

    The government requests that the Court order ***both*** parties to appear on March 15, 2024, or to

continue **both** defendants' sentencings to a later date. As the Court has indicated in this past, it wishes to impose sentence on the same day. The United States believes that it is important for the Court to see the sentencing submissions from all parties before imposing sentence and preferable to have both defendants before the Court when it does so, particularly in light of the allegations of disparate treatment raised in Garlock's motion, the suggestion that the two defendants are similarly situated, and the approximately zero discussion of the offense conduct in Rodriguez's sentencing memorandum.

In addition, two of the victims (Elizabeth Tessmann and Robert Gould) have planned to attend the hearing by Zoom on March 15, 2024, and may wish to address the Court. Both defendants should be present for that.

Finally, as noted above, the government believes that Garlock has had more than sufficient information to prepare for sentencing, and that the government's position regarding relevant conduct was grounded in Section 1B1.3, the facts of the case, and its burden of proof. But the government has no objection to the Court ordering disclosure of the Offense Conduct and Guidelines calculations portions of Rodriguez's PSR to counsel for Garlock. (The government has provided the defense with its initial submission to the Probation Office regarding Rodriguez, and its objections to the Draft PSR for Rodriguez.) The relevant paragraphs to disclose regarding Rodriguez's Final PSR would be ¶¶ 8 through 45 (Offense Conduct) and ¶¶ 53 through 64 (Offense Level Computation). The corresponding paragraphs of the Draft PSR would be ¶¶ 7 through 43 (Offense Conduct) and ¶¶ 50 through 62 (Offense Level Computation). The Court may also wish to order disclosure of the Victim Impact section of Rodriguez's Final PSR and Draft PSR (¶¶ 46 through 50 and ¶¶ 44 through 47, respectively).

For the reasons set forth above, the government has no objection to disclosing portions of Rodriguez's PSRs. The government requests that both defendants be ordered to appear on March 15.

DATED: March 12, 2024                                  Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/

_____
KYLE F. WALDINGER
Assistant United States Attorney