ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6830
Email: Kyle.Waldinger@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM GARLOCK AND GEORGINA RODRIGUEZ,<br><br>Defendants. | No. CR 21-00097 CRB<br><br>**UNITED STATES' EX PARTE APPLICATION AND ~~[PROPOSED]~~ ORDER PERMITTING RELEASE OF ADDITIONAL GRAND JURY TRANSCRIPTS** |

**A. Introduction**

The United States hereby respectfully applies *ex parte* for an order, pursuant to Federal Rule of Criminal Procedure 6(e), authorizing the government to provide each defendant's counsel with copies of the grand jury testimony of civilian witnesses who may testify in conjunction with sentencing proceedings in this case. This application is also necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500. The Court previously authorized (pursuant to a stipulation) the government's production of grand jury transcripts of civilian witnesses who testified with respect to the prior criminal case brought against the defendant Garlock. *See* Dkt. 38.

/ / /

/ / /

**B. Government Request**

The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provides in pertinent part that:

> The Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:
>
> (i) preliminarily to or in connection with a judicial proceeding . . . .

Fed. R. Crim. P. 6(e)(3)(E). The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa. 1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir.), *cert. denied*, 382 U.S. 814 (1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quoting *United States v. Amazon Ind. Chem. Corp.*, 55 F.2d 254 (D. Md. 1931)); *accord Procter & Gamble Co.*, 356 U.S. at 681-82 n.6.

In this case, the policy considerations requiring secrecy apply with diminished force. Grand jury proceedings in this case have concluded, and the case is now pending sentencing. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. at 470 (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle"). Although the government does not believe

that an evidentiary hearing will be necessary, it is nevertheless possible that the Court may order one in conjunction with sentencing in light of the issues raised by the government and the defense in conjunction with sentencing. Disclosing the testimony of any civilian witnesses before the grand jury would not implicate the other policy concerns in this case. Moreover, disclosure of the grand jury testimony is in the interest of justice because it will permit defendants' counsel to have certain Jencks Act materials (*see* 18 U.S.C. § 3500) before any of these witnesses testify at any evidentiary hearings that the Court may order.

**C. Conclusion**

Accordingly, the government moves this Court to issue an order authorizing the government to provide each defendant's counsel with copies of the grand jury testimony of any civilian witnesses who testified before the grand jury in this matter and who may testify in conjunction with sentencing. The government plans to provide these materials to defense counsel shortly after this Court's order. A proposed order is set out below.

DATED: March 20, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/
KYLE F. WALDINGER
Assistant United States Attorney

**~~[PROPOSED]~~ ORDER**

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) that plaintiff United States of America may supply counsel for each defendant with a copy of the grand jury testimony of civilian witnesses who testified before the grand jury in this matter. This order is being entered to permit compliance with the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500.

IT IS FURTHER ORDERED that possession of copies of the grand jury transcripts shall be limited to the defendants and their attorneys, including any investigators, paralegals, law clerks, assistants, expert witnesses, and other persons who are within the attorney-client privilege.

IT IS FURTHER ORDERED that defense counsel shall not disclose such grand jury testimony to any other persons, except as necessary in preparation of the defense, without prior authorization from this Court.

DATED: March 25, 2024

HONORABLE CHARLES R. BREYER
United States District Judge